## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL ACTION NO. H-05-0107** |
| | § | |
| **JORGE LUIS MOLINA,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

The Court has received from Defendant a *habeas corpus* motion under 28 U.S.C. § 2255 (Doc. No. 65). Defendant contends that his attorney informed him that he should plead guilty and would receive a sentence between five and seven years. However, on March 23, 2007, Defendant was sentenced to 210 months.

Regardless of the truth of Defendant's assertions, he clearly waived any right to collaterally attack his conviction or sentence in his plea agreement, which he signed on February 24, 2006 (Doc. No. 27 ¶ 9). The plea agreement further states that "any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court."

The Court is generally loathe to disturb the terms of a plea agreement that has been negotiated between the government and a criminal defendant, and sees no reason to do so in this case. Defendant's *habeas corpus* motion under 28 U.S.C. § 2255 is therefore **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this __13__ day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT